# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA J. CANTOR,<br><br>                     Petitioner,<br><br>v.<br><br>KELLY MARTINEZ, et al.,<br><br>                    Respondents. | Case No. 24-cv-2181-MMA-JLB<br><br>**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**<br><br>[Doc. No. 20] |

On November 19, 2024, Joshua J. Cantor filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. No. 1 (the "Petition" or "Pet."). On April 4, 2025, the Court issued an order denying the Petition and declining to issue a certificate of appealability. Doc. No. 18. That same day, the Clerk's Office entered judgment and closed the case. Doc. No. 19. Petitioner now moves the Court to issue a certificate of appealability. Doc. No. 20. Because the Court has already considered and ruled on this matter, *id.* at 14–15, the Court treats Petitioner's request as a motion for reconsideration and **DENIES** his motion.

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, Civil Local Rule 7.1.i provides that a party may seek reconsideration of a ruling so long as the application is accompanied by, among other things, an affidavit setting forth "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR7.1.i.1. Here, Petitioner has not submitted an affidavit along with his motion, nor has he explained what new or different facts and circumstances exist that the Court should consider. Instead, it is clear that Petitioner merely disagrees with the Court's underlying conclusion that he is not entitled to habeas relief and maintains that reasonable jurists could debate that outcome. "'A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome.'" *Isis Pharms., Inc. v. Santaris Pharma A/S Corp.*, No. 3:11-cv-2214-GPC-KSC, 2014 U.S. Dist. LEXIS 135666, at *4 (S.D. Cal. Sep. 25, 2014) (quoting *Fed. Trade Comm'n v. Neovi, Inc.*, No. 06-cv-1952-JLS-JMA, 2009 U.S. Dist. LEXIS 649, at *6 (S.D. Cal. Jan. 7, 2009)).

A motion for reconsideration may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). "[A] post-judgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck*, 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Rule 59(e) grants district courts the authority to reconsider and amend a previous order, but "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks and citation omitted). In the interests of judicial economy and the finality of judgments, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the

district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll*, 342 F.3d at 945 (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (holding there exists a "compelling interest in the finality of judgments which should not lightly be disregarded").

Petitioner does not identify any newly discovered evidence or intervening change in controlling law. And having reviewed Petitioner's motion, the Court finds that he has not demonstrated that the Court committed clear error in concluding that he is not entitled to habeas relief and that reasonable jurists would not debate this outcome. In any event, Petitioner does not need to obtain the relief he seeks to file a notice of appeal from the Court's order. *See* Fed. R. App. P. 22(b). Accordingly, the Court finds that Petitioner is not entitled to reconsideration and therefore **DENIES** his motion.

**IT IS SO ORDERED**.

Dated: May 5, 2025

HON. MICHAEL M. ANELLO
United States District Judge